IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MICHAELA COURNOYER, | ) |  |
|---|---|---|
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| V. | ) | |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT AND JURY DEMAND

### I. Introduction

1. The plaintiff, Michaela Cournoyer, brings this action for discrimination under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et seq., as Amended by the Civil Rights Act of 1991, 42 USC § 1981a, and 42 USC § 1988.

### II. Jurisdiction and Venue

2. This Court has jurisdiction in accordance with 28 U.S.C. 1331, 1343, 2201, 2202, and 29 U.S.C. 2617(a). Venue is proper pursuant to 28 U.S.C. 1391.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC.

### III. Parties

4. The plaintiff, Michaela Cournoyer ("Plaintiff") is a citizen of the state of Tennessee and above the age of majority.

1

5. The defendant, Walgreen Co. ("Walgreens"), is an "employer" under Title VII and 42 USC §2000e(b).

IV. **Statement of Facts**

6. In or around June 2022, Plaintiff applied for a shift lead position with Defendant at its 1301 Bell Road store in Antioch, Tennessee, store # 7076.

7. Michelle Ufere, the store manager, contacted Plaintiff after she submitted the application. After speaking with Plaintiff about her qualifications and experience, Ufere told Plaintiff that she would be perfect for an inventory specialist position. Ufere told Plaintiff that she would post that position, and that Plaintiff should apply.

8. Plaintiff applied for the inventory specialist position on or around July 6, 2022.

9. On or around July 7, 2022, Ufere called Plaintiff, told her that she had received Plaintiff's application for the inventory specialist position, and told Plaintiff that she was ready to set up an in-person interview.

10. Plaintiff told Ufere that before they did that, she just wanted Ufere to know that she was seven months pregnant.

11. Ufere immediately changed her tone. In response to Plaintiff disclosing her pregnancy, Ufere repeatedly told Plaintiff that she just "didn't feel comfortable" and that the job would involve lifting boxes, unloading trucks, and climbing on a ladder.

12. Plaintiff told Ufere that she did all these things in her current job and it would not be a problem.

13. However, Ufere kept repeating that she just "didn't feel comfortable" going forward and suggested that maybe after Plaintiff's maternity leave they could "set something up."

14. Ufere denied Plaintiff an interview and did not hire her because of her pregnancy.

15. Defendant provided a different, false account to the EEOC as follows:

   > On July 7, 2022, the day of the scheduled face to face interview, Charging Party contacted Ms. Ufere and said she had "some bad news". Charging Party told Ms. Ufere that she was 7 months pregnant and that she decided to stay at her current job so she could take her maternity leave with them. Charging Party also told Ms. Ufere that while was still interested in working at Walgreens, she preferred to wait until after she took her maternity leave with her current employer. Ms. Ufere told Charging Party that if that is what she wanted to do, she understood. Since Charging Party made it clear that she wanted to take her maternity leave with her current employer, Ms. Ufere advised Charging Part to reach out to her after her maternity leave if she was still interested and that she would be considered if the job had not been filled. Ms. Ufere did not tell her that she "didn't feel comfortable" going forward. Ms. Ufere did tell her she could contact her after her maternity leave only because Charging Party was clear about remaining at her current job for maternity leave.

16. The above account is false and a pretext for discrimination. Plaintiff never told Ufere that she decided to stay at her current job so that she could take her maternity leave with them. Plaintiff never told Ufere that she preferred to wait until after her maternity leave with her current employer.

17. Rather, Plaintiff continued to express interest in working for Walgreens, and Ufere denied her the opportunity to proceed with the in-person interview and hiring, telling Plaintiff that she just "didn't feel comfortable" going forward after Plaintiff disclosed her pregnancy, as stated above.

18. Plaintiff's disclosure of her pregnancy was at least a motivating factor in Ufere denying Plaintiff the shift lead and / or inventory specialist position.

## V. Cause of Action – Pregnancy Discrimination – Title VII

19. Plaintiff brings this count pursuant to Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978, 42 U.S.C. §§2000e et seq.

20. Plaintiff was qualified for either the shift lead or inventory specialist position. She suffered an adverse employment action when Defendant denied her the opportunity to interview and denied her employment in either of those positions.

21. Defendant discriminated against Plaintiff based on her sex / pregnancy by denying her an interview and denying her employment in either the shift lead or the inventory specialist position.

22. There is a nexus between Plaintiff's pregnancy and the Defendant's decision to deny her employment in either the shift lead or inventory specialist position. A nexus is shown by the circumstances of Plaintiff's communications with Ufere and the temporal proximity between Plaintiff's disclosure of her pregnancy and Ufere's decision that she just "didn't feel comfortable" going forward with the hiring process, allow a reasonable jury to find that Plaintiff's pregnancy was at least a motivating factor in that decision.

23. Defendant's articulated reason for denying Plaintiff an interview and employment are false and a pretext for pregnancy discrimination, as Plaintiff never told Ufere that she wished to remain at her current job.

24. Defendant acted maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

25. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

26. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**VI.** **Damages and Prayer for Relief**

Plaintiff respectfully prays that the Court grant her the following relief:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and 42 U.S.C. Section 1981(a).

2. Grant Plaintiff reinstatement into the position she would have had at the appropriate pay (with interim adjustments) absent the above discrimination, a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3. Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981, enter an Order requiring Defendant to make Plaintiff whole by reinstating her into the position she would have occupied in the absence of discrimination or awarding her front pay, awarding her back-pay (plus interest), nominal damages, compensatory damages, punitive damages and post judgment interest.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

    Respectfully submitted,

    /s/ Daniel E. Arciniegas
    Daniel E. Arciniegas
    **Arciniegas Law**
    1242 Old Hillsboro Rd.
    The Atrium Building
    Franklin, TN 37069
    (629) 777-5339

Jon C. Goldfarb (pro hac vice admission pending)
L. William Smith (pro hac vice admission pending)
**WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

Counsel for Plaintiff